**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 00175
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ.
Nevada Bar No. 06735
Email: dem@cjmlv.com
WESLEY J. SMITH, ESQ.
Nevada Bar No. 11871
Email: wes@cjmlv.com
7440 W. Sahara Ave.
Las Vegas, NV 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NATIONAL ROOFING INDUSTRY PENSION PLAN; NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,

Plaintiffs,

vs.

ACROPOLIS INVESTMENTS, LTD; AMSTAR HOMES, INC.; ASTORIA HOMES, LLC; BEAZER HOMES HOLDINGS CORP.; BRAMBLE HOMES, INC.; BRAMBLE DEVELOPMENT GROUP, INC.; CELEBRATE HOMES, INC.; CENTEX CORPORATION d/b/a CENTEX HOMES (a/k/a CENTEX HOMES d/b/a REAL HOMES, MARQUIS RESORT HOMES, CENTEX HOMES, DESTINATION PROPERTIES); DEL WEBB COMMUNITIES, INC.; DISTINCTIVE HOMES OF NEVADA, INC.; VEGAS CONSTRUCTION COMPANY, INC.; HADFIELD DEVELOPMENT, INC.; HELLER DEVELOPMENT COMPANY; KB HOME NEVADA, INC.; LBM DEVELOPMENT CO.,INC.; LONDON CONSTRUCTION, LLC; PIER CONSTRUCTION & DEVELOPMENT, LLC; LONGFORD PROPERTIES, INC.; LONGFORD CONSTRUCTION, LLC; McCORMICK LUXURY HOMES, INC.; MERITAGE HOMES OF NEVADA, INC.; PACIFIC COAST DEVELOPMENT; PAGEANTRY HOMES OF NEVADA, INC.; PARDEE HOMES OF NEVADA; PINNACLE

Case: 2:10-cv-001882-JCM-LRL

State Court Case No.: A-10-626216-C
Dept. No.: II

**MOTION TO REMAND CASE TO STATE COURT AND REQUEST FOR ATTORNEYS' FEES**

CHRISTENSEN JAMES & MARTIN
7440 W. SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

HOMES, INC.; PULTE HOME CORPORATION; PNII, INC. d/b/a PULTE HOMES OF NEVADA; PURMAR, INC.; R/S DEVELOPMENT, LLC; REVOLUTION DEVELOPMENT, LLC d/b/a REVOLUTION CONSTRUCTION; RICHMOND AMERICAN HOMES OF NEVADA, INC.; ROMA BUILDERS, LLC; RYLAND HOMES NEVADA, LLC; STORYBOOK CONTRACTING, LLC; STW, INC.; TOLL BROS., INC.; TOLL NORTH LV, LLC; TOLL SOUTH LV, LLC; TOLL HENDERSON, LLC; TOLL NV HOLDINGS, LLC; TRIDENT HOMES, LLC; PAN PACIFIC CONSTRUCTION COMPANY d/b/a TRIDENT HOMES; PACIFIC SOUTHWEST HOLDING CO. d/b/a PACIFIC SOUTHWEST DEVELOPMENT; WARMINGTON HOMES - NEVADA; WARMINGTON RESIDENTIAL NEVADA, INC.; TIMBERLAND DEVELOPMENT, LLC d/b/a WINDSOR CONSTRUCTION; ACCREDITED SURETY AND CASUALTY COMPANY; AMERICAN CONTRACTORS INDEMNITY COMPANY; AMERICAN HOME ASSURANCE; BOND SAFEGUARD INSURANCE COMPANY; CAPITAL INDEMNITY CORPORATION; CONTRACTORS BONDING & INSURANCE COMPANY; DEVELOPERS SURETY AND INDEMNITY CO; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; HARTFORD FIRE INSURANCE COMPANY; INSURANCE COMPANY OF THE WEST; LEXON INSURANCE COMPANY; LINCOLN GENERAL INS CO; OLD REPUBLIC INSURANCE COMPANY; PLATTE RIVER INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; SURETEC INSURANCE COMPANY; TRAVELERS CASUALTY & SURETY CO OF AMERICA; WESTERN INSURANCE COMPANY; WESTERN SURETY COMPANY; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,

Defendants.

COME NOW the Plaintiffs, the NATIONAL ROOFING INDUSTRY PENSION PLAN and the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND ("Plaintiffs" or "Trusts") by and through their attorneys, Christensen James & Martin, and hereby move this honorable court pursuant to 28 U.S.C. § 1447(c) for its Order remanding the above-

entitled action to the Eighth Judicial District Court in and for the County of Clark, State of Nevada. This Motion to Remand is made on the grounds that the Notice of Removal is procedurally defective for failure to join all Defendants, and that the legal bases advanced by the Defendants in support of removal lack merit. This Motion is based upon the attached Memorandum of Points and Authorities, Exhibits, the papers and pleadings of record, and any argument made by counsel at the time of any hearing on this matter.

DATED this 24th day of November, 2010.

**CHRISTENSEN JAMES & MARTIN**

By: *<u>/s/ Daryl E. Martin</u>*
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: dem@cjmlv.com
*Attorneys for Plaintiffs*

**POINTS AND AUTHORITIES**

**I.**

**FACTS**

On September 28, 2010 Plaintiffs filed their Complaint in the Eighth Judicial District Court, Clark County, Nevada ("State Court") alleging that thirty-seven (37) general contractors are liable to the Plaintiffs under N.R.S. 608.150 for the labor indebtedness of a subcontractor, Willis Roof Consulting, Inc. Plaintiffs further allege that under N.R.S. Chapter 624 Plaintiffs are entitled to priority payment as labor claimants under any licensing and/or surety bonds issued by the sureties of the Defendant general contractors. Such claims, when brought by employee benefit trust funds, have long been recognized as valid in Nevada. *See Tobler & Oliver Const. Co. v. Bd. of Trustees of Health and Ins. Fund For Carpenters Local Union No. 971*, 84 Nev. 438, 442 P.2d 904 (1968) (affirming summary judgment granted to trust funds against general contractor because "N.R.S. 608.150 is explicit and mandatory"); *Genix Supply Co. v. Board of Trustees*, 84 Nev. 246, 438 P.2d 816 (1968) (affirming summary judgment finding that fringe benefit contributions due under a collective bargaining agreement must be given labor priority status in connection with statutory

bonds); *see also Laborers Health and Welfare Trust vs. Summit Landscape*, 309 F.Supp.2d 1228 (D. Nev. 2004) (surety liable to same extent as general contractor under N.R.S. 608.150 for subcontractor's failure to remit fringe benefit contributions), *rev'd sub nom. on other grounds by Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006) (reversed for failure to award sufficient attorneys' fees to trust funds).

The Proof of Service on file (Doc. #10) shows that Plaintiffs caused no fewer than sixty-one Defendants to be served with copies of the summons and complaint between the dates of Oct. 4 and Oct. 18, 2010. On October 18, 2010, Defendant Pier Construction and Development, LLC filed an Answer to the Complaint in State Court (and later joined in the Notice of Removal). On Oct. 20, 2010, Defendants Capital Indemnity Corporation and Platte River Insurance Company also made a general appearance in State Court by filing an Answer to the Complaint. *See* Exhibit 1.

On Oct. 26, 2010, less than half of all Defendants[1] ("Appearing Defendants") filed a Notice of Removal with this Court. In the Notice of Removal the Appearing Defendants improperly attempt to re-plead Plaintiffs' causes of action as federal claims and they allege two bases for removal: 1) ERISA preemption, and 2) LMRA preemption. On November 1, 2010 Defendants Bramble Homes, Inc. and Bramble Development Group, Inc. filed a State Court Answer to the Complaint. *See* Exhibit 2. On Nov. 15, 2010 Defendants R/S Development, LLC and Developers Surety and Indemnity Co. also filed an Answer in State Court. *See* Exhibit 3. On Nov. 23, 2010 Defendant Lexon Insurance Company filed an Answer in this Court (Doc. #20). On the same date Defendants Pacific Southwest Development and Insurance Company of the West filed a notice indicating that they joined in the Notice of Removal (Doc. #21).

Though it is their burden to prove that all defendants have consented to removal, the Appearing Defendants have never even made the claim that all defendants have consented to removal. Rather, at paragraph 26 of the Notice of Removal the Appearing Defendants state "All... Defendants...who have been contacted, consent to this removal." In their Nov. 15, 2010 Statement Concerning Removal (Doc. #17) the Appearing Defendants identified thirty (30) defendants "known

[1] Twenty-six defendants initially joined in the Notice of Removal of this case. According to a recent review of the Court's docket, an additional seven Defendants have since filed Joinders to the Notice of Removal.

to have been served before you filed the notice of removal who did not formally join in the notice of removal." There are therefore numerous Defendants whose silence on the matter must be counted as failure to consent to removal, but at least two Defendants have actively indicated that they have never consented to removal and they do not now consent to removal. *See* Declaration of Larry Margolian (Exhibit 4). Plaintiffs respectfully submit that the Notice of Removal is procedurally defective for failure to join all Defendants, and that the arguments advanced by the Appearing Defendants in support of removal lack merit.

## II.

## ARGUMENT

### 1.     Applicable Legal Standards

Federal courts enjoy only limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673 (1994). A District Court must decline any case in which subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute must be strictly construed against removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Remand to state court is required if any doubt exists whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In connection with removal and a motion to remand, the "well-pleaded complaint rule" applies under which the decision to remand depends primarily on the information appearing in the complaint. This rule makes a plaintiff the "master of the claim". *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### 2.     Remand is Mandatory Because the Notice of Removal is Procedurally Defective.

In order for removal to be proper, all defendants in an action filed in a state court must join in the notice of removal. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir.2002); *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all the defendants.") (*citing Chicago., R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)). This concept is often referred to as the "rule of unanimity." The Ninth circuit recently "emphasize[d] that

*Chicago's* requirement that all codefendants 'join' in requesting removal remains binding." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-1225 (9th Cir. 2009). However, in reliance upon Fed. R. Civ. Proc. 11's requirement that an attorney who submits a paper to a court "certifies that...the factual contentions [therein] have evidentiary support", the Ninth Circuit has interpreted the requirement that all defendants join in requesting removal as being facially met if "one defendant avers that all defendants consent to removal." *Proctor*, 584 F.3d at 1225 (citing *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004)).

Counsel's statement in the Notice of Removal does not comply with the relaxed requirement adopted by the Ninth Circuit, that "one defendant avers that all defendants consent to removal". Here, the Appearing Defendants merely stated "All other Defendants... *who have been contacted*, consent to this removal" (emphasis added). This left the Court and the Plaintiffs to guess which defendants had consented to removal, because the Appearing Defendants did not state which defendants had been contacted. This ambiguity was clarified in the Statement Concerning Removal (Doc. #17) in which the Appearing Defendants identified some thirty (30) defendants who were served before the date of filing of the Notice of Removal, and who never consented to removal.

The Notice of Removal is defective because the Appearing Defendants have not even claimed, let alone proven, that "all defendants" have consented to removal, and because verifiable facts show that the Appearing Defendants simply cannot carry their burden. At least two Defendants made general appearances in State Court by filing Answers before the date on which the Notice of Removal was filed, and they have not since joined in the Petition for Removal.[2] Further, multiple Defendants filed Answers in State Court after the date on which the Notice of Removal was filed and have not since filed joinders.[3] Absent express written joinders from these defendants, their State Court Answers must be taken as evidence that they do not consent to removal, and the case must be

---

[2] Unlike Defendant Pier Construction and Development, Inc., which filed a Joinder to the Notice of Removal after first filing an Answer in State Court, it does not appear that Capital Indemnity Corporation or Platte River Insurance Company, who also filed Answers in State Court, have ever joined in the Notice of Removal.

[3] Bramble Homes, Inc., Bramble Development Group, Inc., R/S Development, LLC, and Developers Surety and Indemnity Co. filed Answers in State Court after the Notice of Removal was filed. They have not since joined in the Notice of Removal.

remanded to State Court.  *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 n. 6 (9th Cir. 1999) (declining to analyze the legal importance of "ample record evidence" showing that at least four defendants who did not join in the removal notice had received a copy of the summons and complaint because it was "dispositive" that "at least one defendant...made a general appearance in state court but never joined in the removal notice.").[4]

Moreover, two Defendants, Purmar, Inc. and LBM Development, Inc., have expressly stated in the sworn Declaration attached as Exhibit 4 that a) they were served through a corporate officer, b) that the officer, who serves as the decision maker for both defendants, "was not contacted by any party to the Case requesting my consent to removal of the Case to Federal Court", and that c) they did not consent to removal and they do not now consent to removal of the case to this Court.  In such a situation, where a sworn statement submitted with a Motion to Remand demonstrates that any uncertainty exists whether the case was properly removed, a federal court must remand it. *Bromberg v. Metro. Life Ins. Co.*, 50 F.Supp.2d 1208 (M.D. Ala. 1999) (given rules that a court must evaluate factual allegations in light most favorable to plaintiff, and that "All doubts and uncertainties about federal court jurisdiction must be resolved in favor of a remand to state court" remand was required where factual allegations in an affidavit created an issue of fact, thereby casting doubt on the appropriateness of the prior removal of the case to federal court).

Even if federal question jurisdiction did nominally exist and it could form a basis for removal (which the Plaintiffs deny here) remand is nonetheless required as a matter of law where a Notice of Removal does not strictly comply with procedural rules.  *See Prize Frize*, 167 F.3d 1261 (reversing district court's decision denying motion to remand, ***despite the existence of clear federal question jurisdiction*** based on a federal civil RICO claim, because failure to prove that even a single defendant consented to removal is "dispositive" –  although the "attempt to remove this action may have been procedurally defective in numerous respects...it is sufficient for us to address the lack of unanimity.").

---

[4]  Although a later case notes that it has been superseded by a statute, *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1999) remains good law for our purposes, as the statute in question only abrogated the rule of unanimity in class action cases that are removed to federal court.

Given the evidence presently before the Court showing that multiple Defendants appeared in State Court and have not since joined in the Notice of Removal, and because at least two Defendants have expressly stated in a sworn declaration that they do not consent to removal, the Appearing Defendants cannot carry the burden imposed on them. They cannot prove that "all defendants" consent to removal. Remand of this case to State Court is mandatory based on procedural requirements alone. The Court need not spend its resources reviewing the legal bases offered by the Appearing Defendants in support of the removal, which are plainly immaterial because the Defendants' Notice of Removal is procedurally defective.

**3. Remand of the Case is Proper Because the Legal Bases Advanced by the Appearing Defendants Lack Merit.**

a. The Plaintiffs' Claims are not Preempted by ERISA.

Given the clear state of the law, the Plaintiffs have no choice but to question the good faith of the Appearing Defendants in suggesting that merely asserting an ERISA preemption defense permits them to remove this case to federal court. Defendants rely on *Clorox v. U.S. Dist. Ct.*, 779 F.2d 517 (9th Cir. 1985) for the proposition that the defense of ERISA preemption authorizes removal of this case, claiming "ERISA governs all claims relating to employee benefit plans, including trust funds, and serves as a basis for removal to federal court." But in 1987 the U.S. Supreme Court unanimously held **"Congress has long since decided that federal defenses do not provide a basis for removal"** and stated that it was **"settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (emphasis added); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) (where a complaint relies on legal authorities outside of the preempted area of law and does not present a claim that appears on its face to arise out of federal law, the defendant cannot remove the case, and instead must raise its preemption defense in state court).

Plaintiffs must similarly question Defendants' good faith in asserting ERISA preemption as a defense at all. It is true that approximately twenty years ago various courts did then hold that

ERISA preempted claims such as those presented here. *See, e.g., Trustees of the Electrical Workers Health & Welfare Trust v. Marjo Corp.*, 988 F.2d 865, 867 (9th Cir. 1992) (holding that N.R.S. 608.150 claims were preempted by ERISA). However, in the mid-to-late 1990s, the U.S. Supreme Court came to "recognize that ERISA preemption must have limits when it enters areas traditionally left to state regulation." *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1131 (9th Cir. 1998). Relying on emerging cases limiting ERISA preemption, the United States District Court for the District of Nevada Court ruled more than ten years ago that the same claim presented here (general contractor and surety liability under N.R.S. 608.150), even when asserted by an ERISA multiemployer employee benefit trust fund like the Plaintiffs, is simply NOT preempted by ERISA. *See United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can. AFL-CIO, Local No. 525 v. Grove Inc.*, 105 F.Supp.2d 1129, 1132 (D. Nev. 2000) (McKibben, J.) (*citing D.C. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n. 1, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992)). The Court's ruling in the *Grove, Inc.* case was confirmed a year later in *S. Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 929 (9th Cir. 2001) (expressly overruling *Trustees v. Marjo*, cited above).

ERISA preemption has not been a valid basis for removal of a case like this one since long before 1987 (when, in *Caterpillar, Inc. v. Williams*, the Supreme Court noted that "Congress has long since decided that federal defenses do not provide a basis for removal."). Moreover, since the year 2000 ERISA preemption has not been a valid defense to an action under N.R.S. 608.150. This case belongs in State Court. *Compare Insco v. Aetna Health & Life Ins. Co.*, 673 F.Supp.2d 1180, 1190 (D. Nev. 2009) (keeping removed case and deciding motion to dismiss after rejecting ERISA preemption defense only because case had been removed on basis of both ERISA preemption and diversity jurisdiction – "even though ERISA does not apply, there remains diversity jurisdiction to rule on the merits in the present case.").

The case authority identified above demonstrates that ERISA preemption is not a valid basis for removal of a case like this one, nor is it a true defense to an action to recover labor indebtedness under N.R.S. 608.150. It is axiomatic that the law does not and cannot require removal of any case to this Court based on a defense that the Court is duty-bound to reject.

b. The Plaintiffs' Claims are not Preempted by the LMRA.

i. *The Possibility that Reference to a Labor Agreement May be Necessary to Rule on a Claim is not a Basis for Removal.*

In support of removal, the Appearing Defendants argue that 29 U.S.C. § 185(a) ("Labor Management Relations Act" or "LMRA") preempts all state causes of action addressing questions with even the remotest connection to labor agreements, so as to convert them into actions arising under federal law. They rely on *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-11 (1985) and they claim that if a labor agreement might need to be consulted in deciding a claim then that claim is preempted by the LMRA. Contrary to these arguments, the mere fact that a state court may be asked to interpret a collective bargaining agreement ("CBA") is NOT a basis for removal. The United States Supreme Court has explained:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question...in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court...Congress has long since decided that federal defenses do not provide a basis for removal.

*Caterpillar*, 482 U.S. at 398-99.

State law claims brought under N.R.S. 608.150 by ERISA trust funds may properly be litigated in federal court under certain circumstances, but this occurs at the plaintiff's option and under the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(a). *See Trustees of the Constr. Indus. and Laborer Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923 (9th Cir. 2003). In the *Desert Valley Landscape* case ERISA trust funds sued a subcontractor under ERISA to collect unpaid fringe benefit contributions owed under a labor agreement–a federal cause of action that conferred jurisdiction on the U.S. District Court. *Id.* at 925. At the same time and in the same case the plaintiff trust funds asserted state law causes of action arising under N.R.S. 608.150 against the subcontractor's general contractor and its sureties. The subcontractor failed to appear and default judgment was entered. The trial court then "declined to exercise supplemental jurisdiction" over the state law claims against the general contractor and its sureties "because [the

court] had previously granted default judgment in favor of Trustees on their federal claims", leaving the Court without an active federal cause of action. *Id.* The Ninth Circuit reversed, holding that the District Court could not decline jurisdiction over the N.R.S. 608.150 "supplemental state law claims" because the federal cause of action was not dismissed, but rather was found to be a valid cause of action requiring a judgment in favor of the trust funds. *Id.* at 925-26.

Only those state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (*quoting Caterpillar*, 482 U.S. at 392). In *Desert Valley Landscape*, the Ninth Circuit unequivocally characterized claims against general contractors and their sureties under N.R.S. 608.150 as "supplemental state law claims". Such claims, when filed in independent actions in state court are not removable to federal court, even if they could have been litigated as supplemental proceedings in federal court. *Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir. 1995) (*relying on Barrow v. Hunton*, 99 U.S. 80, 82, 25 L.Ed. 407 (1879) (explaining that even a supplementary action that is very closely connected to an original federal action is not removable when filed as a separate suit).

The *Desert Valley Landscape* case confirms that a plaintiff is indeed the master of its claims, and that so long as a plaintiff's choice to litigate in state court is lawful, a defendant has no choice but to defend in the court chosen by the plaintiff. As the U.S. Supreme Court has held, federal questions presented in defensive arguments do not change this rule, and a plaintiff who pleads a state law cause of action may unilaterally choose to litigate in state court. *Caterpillar*, 482 U.S. at 398-99. The Plaintiffs have chosen to litigate their state law claims in State Court and there simply is no basis for removal of this case.

ii. *The LMRA Does not Govern Plaintiffs' Claims.*

The Labor Management Relations Act ("LMRA") exists to protect employees' rights to organize and prohibits acts by "employers" that are intended to "interfere with, restrain, or coerce employees" or "dominate or interfere with the formation or administration of any labor organization". 29 U.S.C.A. § 158. However, the LMRA plays no role in governing the affairs of persons other than employees, employers and labor organizations. For example, in *Toyota*

*Landscaping Co., Inc. v. S. Cal. Dist. Council of Laborers*, 11 F.3d 114, 119 (9th Cir. 1993) the Ninth Circuit held that a subcontractor of an employer who had executed a CBA lacked standing under the LMRA to challenge a clause found in the CBA.

Here, the Appearing Defendants are general contractors (and their sureties) who engaged an employer (Willis Roofing). They claim that the LMRA preempts the claims asserted by the Plaintiffs, who are employee benefit plans. But neither the Defendants nor the Plaintiffs are employees, employers, or labor organizations for purposes of the LMRA. *See, e.g., Trustees of Operating Eng'rs Pension Trust v. Tab Contractors, Inc.*, 224 F.Supp.2d 1272, 1279 (D. Nev. 2002) ("Even taking all allegations in the pleadings as true...the Trust Funds are not labor organizations under the LMRA...Because the Trust Funds are not labor organizations, this Court does not have jurisdiction over Tab's Third-Party Complaint against the Trust Funds..."). The argument that LMRA preemption requires removal of this case to federal court must be rejected.

c. The Federal Courts' Deference to the Nevada Supreme Court in Deciding Issues Related to Claims Arising Under N.R.S. 608.150 Further Confirms that the Plaintiffs' Claims are State Law Claims.

*Trustees of the Constr. Ind. & Laborers Health & Welfare Trust v. Hartford Fire Ins. Co.*, 578 F.3d 1126 (9th Cir. 2009) is a continuation of the same *Desert Valley Landscape* case discussed above. After the post-appeal remand of the case by the Ninth Circuit to the United States District Court, the trial court correctly applied N.R.S. 608.150 and granted summary judgment to the ERISA trusts and against the general contractors and sureties. *Hartford Fire Ins.*, 578 F.3d at 1127. On subsequent appeal, the defendants argued that summary judgment was improper because the trust funds failed to provide pre-litigation notice to the defendants. *Id.* at 1128. Rather than decide the issue on its own, the Ninth Circuit, expressly recognizing again that the trust funds' actions were "state law claims," instead certified questions for review to the Nevada Supreme Court. *Id.* Only after receiving the Nevada Supreme Court's opinion answering the certified questions, and in separate reliance on the Nevada Supreme Court's decision in *Tobler & Oliver Constr. Co. v. Bd. of Trs. of Health & Ins. Fund for Carpenters Local Union No. 971*, 84 Nev. 438, 442 P.2d 904, 907 (1968), did the Ninth Circuit render its decision that notice is not required in connection with a claim arising under N.R.S. 608.150. *Hartford Fire Ins.*, 578 F.3d at 1128-29. This history demonstrates

that employee benefit trust funds successfully used N.R.S. 608. 150 before ERISA was enacted in 1974, and it confirms yet again that such claims are state law claims which may lawfully proceed in state court, as the Plaintiff Trust Funds chose to do here.

**III.**

**REQUEST FOR FEES**

28 U.S.C. § 1447(c) states "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Accordingly, federal courts may award fees to plaintiffs who successfully seek remand whenever "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Given the clear state of the law, Plaintiffs respectfully submit that the Appearing Defendants never had and have not articulated an objectively reasonable basis for seeking removal. Their arguments were essentially twofold: 1) ERISA preempts the claim under N.R.S. 608.150, so removal is proper, and 2) LMRA preemption applies and warrants removal of the case. Yet by conducting a basic review of the readily-available case law identified herein, the Defendants would have discovered the following:

1) "Congress has long since decided that federal defenses do not provide a basis for removal" and it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

2) "[B]ecause general contractors are ERISA outsiders, N.R.S. 608.150 does not interfere with Congress's intent to eliminate conflicting or inconsistent state and local regulation of employee benefit plans." *Grove Inc.*, 105 F.Supp.2d at 1132 (ruling that claims asserted under N.R.S. 608.150 are not preempted by ERISA).

3) "[W]hen a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question...in a defensive argument does not overcome the

paramount policies embodied in the well-pleaded complaint rule...the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99.

4) "Removal requires the consent of all the defendants." *Wis. Dept. of Corr.*, 524 U.S. at 393 (Kennedy, J., concurring).

The Appearing Defendants either chose not to conduct a review of the cases, or chose to ignore clear and binding precedent. The Appearing Defendants did not have an objectively reasonable basis for seeking removal. The Notice of Removal does not even make the simple yet essential statement that all defendants consent to removal. Plaintiffs had no choice but to engage in substantial (and otherwise unnecessary) efforts to conduct legal research and to prepare the instant Motion to Remand. Plaintiffs respectfully request that the Court award them their fees incurred in the sum of $5,857.50. A detailed fee statement is included in the Declaration of Counsel attached as Exhibit 5.

## IV.

## CONCLUSION

As shown herein, Plaintiffs' claims against the Defendants arise under state law and there exists no basis on which to remove this case to federal court. Perhaps more importantly, even if there did exist a meritorious basis on which to attempt to do so, federal law absolutely requires that the removing party prove that "all defendants" consent to removal. The Appearing Defendants have not proven that all defendants consent to removal, and they cannot do so. The removal of the case to this Court is both procedurally and substantively defective. The Court must remand this case to the Eighth Judicial District Court in and for Clark County, Nevada.

DATED this 24th day of November, 2010.

**CHRISTENSEN JAMES & MARTIN**

By: *\/s/ Daryl E. Martin*
Daryl E. Martin, Esq.
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin and I am readily familiar with its mailing and service policies. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to Local Rule LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☒ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address:

Littler Mendelson
Attn: Rick Rosskelley, Esq.
3960 Howard Hughes Pkwy., Ste. 300
Las Vegas, NV 89169

Peel Brimley, LLP
Attn: Eric Simbelman, Esq.
3333 E. Serene Ave., Ste. 200
Henderson, NV 89074

Hutchinson & Steffen, LLC
Attn: Kevin Sutehall, Esq.
10080 Alta Drive, Ste. 200
Las Vegas, NV 89145

Koch & Scow, LLC
Attn: David Koch, Esq.
11500 S. Eastern Ave., Ste. 210
Henderson, NV 89052

Goold Patterson Ales & Day
Attn: Barney Ales, Eq.
4496 S. Pecos Rd.
Las Vegas, NV 89121

Larry Sayers
P.O. Box. 80327
Las Vegas, NV 89180

Clark & Richards, LLP
Attn: Gordon Richards, Esq.
2470 St. Rose Pkwy., Ste. 310
Henderson, NV 89074

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

**CHRISTENSEN JAMES & MARTIN**

By: *__/s/ Daryl E. Martin__*

# Exhibit 1

# Exhibit 1

**ANS**
KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
THE FAUX LAW GROUP
1540 W. Warm Springs Road, Suite 100
Henderson, Nevada 89014
Tel: (702) 458-5790
Fax:(702) 458-5794
kfaux@fauxlaw.com
wsiepmann@fauxlaw.com
Attorneys for Platte River Insurance Company
and Capitol Indemnity Corporation

DISTRICT COURT

CLARK COUNTY, NEVADA

NATIONAL ROOFING INDUSTRY PENSION PLAN; NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,

Plaintiffs,

v.

ACROPOLIS INVESTMENTS, LTD; AMSTAR HOMES, INC; ASTORIA HOMES, LLC, et al.,

Defendants.

**CASE NO.:** A-10-626216-C
DEPT. NO.: II

**PLATTE RIVER INSURANCE COMPANY AND CAPITOL INDEMNITY CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, Platte River Insurance Company and Capitol Indemnity Corporation ("hereinafter PLATTE") by and through their attorneys of record, Kurt C. Faux and Willi H. Siepmann, of The Faux Law Group, hereby answers Plaintiffs, National Roofing Industry Pension Plan; National Roofers & Employers Union Health & Welfare Fund's, (hereinafter "NATIONAL") and admit, deny and allege as follows:

**PARTIES AND JURISDICTION**

1. In answering Paragraphs 1, 2, 3, 4, and 6 of NATIONAL's Complaint, PLATTE is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

2. In answering Paragraph 5 of NATIONAL's Complaint on file herein, PLATTE admits the allegations as to Platte River Insurance Company and Capitol Indemnity Corporation, and as to the remaining allegations therein, PLATTE is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of any and all remaining allegations contained therein, and accordingly, denies the same.

**GENERAL ALLEGATIONS**

3. In answering Paragraphs 7, 8, 9, 10, 11, 12 and 13 of NATIONAL's Complaint, PLATTE is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

**FIRST CAUSE OF ACTION**

**(Payment of Labor Indebtedness – NRS 608.150)**

**(General Contractor Defendants, Does and Roes)**

4. In answering Paragraph 14 of NATIONAL's Complaint, PLATTE repeats, realleges and incorporates its answers to Paragraphs 1 through 13 of NATIONAL's Complaint as though more fully set forth herein.

5. In answering Paragraphs 15, 16, 17 and 18 of NATIONAL's Complaint, PLATTE is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

**SECOND CAUSE OF ACTION**

**(Demand for Relief on Bonds Pursuant to N.R.S. 624.273)**

**(Bonding Company Defendants, Does and Roes)**

6. In answering Paragraph 19 of NATIONAL's Complaint, PLATTE repeats, realleges and incorporates its answers to Paragraphs 1 through 18 of NATIONAL's Complaint as though more fully set forth herein

7. In answering Paragraph 20 of NATIONAL's Complaint on file herein, Platte River Insurance Company's and Capitol Indemnity Corporation's bonds speak for themselves;

THE FAUX LAW GROUP
1540 W. WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

PLATTE is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of any and all remaining allegations contained therein, and accordingly, denies the same.

8. In answering Paragraphs 21, 22 and 23 of NATIONAL's Complaint, PLATTE is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

NATIONAL's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

PLATTE's liability for payment pursuant to the bond(s) is limited and specifically confined to the penal sum of the bond(s) as well as Nevada case precedent.

**THIRD AFFIRMATIVE DEFENSE**

No claim may be made on the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s).

**FOURTH AFFIRMATIVE DEFENSE**

No claim may be made on the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s).

**FIFTH AFFIRMATIVE DEFENSE**

The surety's liability on a supporting bond(s) is limited to the principal's failure to perform a contract under a bond for which a bond was issued.

**SIXTH AFFIRMATIVE DEFENSE**

NATIONAL is not a person or entity for whose benefit the bond was posted.

**SEVENTH AFFIRMATIVE DEFENSE**

In the event the NATIONAL is a person or entity entitled to recover pursuant to the surety bond, NATIONAL's right to recover on the bond is limited to the penal sum of the bond.

THE FAUX LAW GROUP
1540 W. WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX (702) 458-5794

**EIGHTH AFFIRMATIVE DEFENSE**

PLATTE is entitled to assert all the affirmative defenses and claims of the principal.

**NINTH AFFIRMATIVE DEFENSE**

NATIONAL is not the beneficiary under the PLATTE bond(s) at issue.

**TENTH AFFIRMATIVE DEFENSE**

NATIONAL has failed to mitigate its damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

NATIONAL's claim is precluded by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

NATIONAL's claim is precluded by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claim against Pageantry Homes of Nevada's bond is barred as that bond has been exonerated by Court Order.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, PLATTE reserves the right to amend this answer to assert additional affirmative defenses should the facts so warrant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

PLATTE denies each and every allegation not specifically admitted in its Answer to NATIONAL's Complaint.

**WHEREFORE, PLATTE** prays as follows:

1. That NATIONAL's Complaint be dismissed and that PLATTE be awarded its costs and fees for responding to NATIONAL's Complaint;

2. For an award of attorneys' fees and costs incurred;

///

///

///

///

THE FAUX LAW GROUP
1540 W. WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

3. For Court costs and expenses to be expended herein; and

4. For such other and further relief as may be deemed just and reasonable by this Court as shown by the evidence to be offered herein.

DATED this 19 day of October, 2010.

THE FAUX LAW GROUP

By: ______________________

KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
1540 W. Warm Springs Road, Suite 100
Henderson, Nevada 89014
(702) 458-5790
Attorneys for North American Specialty Insurance Company

THE FAUX LAW GROUP
1540 W. WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL. (702) 458-5790
FAX (702) 458-5794

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of The Faux Law Group, that on the 20th day of October, 2010, I e-filed and served through the Clark County, Nevada Document Access Program (Wiznet), a true and correct copy of **PLATTE RIVER INSURANCE COMPANY AND CAPITOL INDEMNITY CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** pursuant to the E-Service List.

Peggy Sifling

An Employee of The Faux Law Group

THE FAUX LAW GROUP
1540 W. WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL. (702) 458-5790
FAX: (702) 458-5794

# Exhibit 2

Exhibit 2

LARRY L. SAYERS
PO Box 80327
Las Vegas, Nevada 89180
(702) 242-8608

FILED

NOV 1 10 25 AM '10

CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

National Roofing Industry Pension Plan; National Roofers and Employers Union Health & Welfare Fund,

Plaintiff,

vs.

Bramble Development Group, Inc., a Nevada Corporation; Bramble Homes, Inc., a Nevada Corporation; Lexon Insurance Company and DOES I – XX, inclusive, and Roe Entities I – XX, inclusive

Defendants

CASE NO. A-10-626216-C
DEPT. NO. II

ANSWER TO COMPLAINT

COMES NOW, Defendants, Bramble Development Group, Inc., and Bramble Homes, Inc. (hereinafter referred to as "Defendants") by and through its self in answer to Plaintiff's Complaint admits, denies and alleges as follows:

PARTIES & JURISDICTIONAL ALLEGATIONS

1. As to Paragraphs 1, 2, 3, 4, 5 and 6 of the Parties & Jurisdictional Allegations in Plaintiff's Complaint on file herein, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations contained therein.

GENERAL ALLEGATIONS

2. As to Paragraphs 7, 8, 9, 10, 11, 12, and 13 Defendant repeats and realleges each and every allegation contained above as through set forth in full herein.

FIRST CAUSE OF ACTION

(Payment of Labor Indebtedness)

3. As to Paragraphs 14, 15, 16, 17 and 18 Defendant repeats and realleges each and every allegation contained above, as though set forth in full herein.

SECOND CAUSE OF ACTION

(Demand for Relief on Bonds)

4. As to Paragraphs 19, 20, 21, 22 and 23 Defendant repeats and reallages each and every allegation contained above, as though set forth in full herein.

WHEREFORE. Defendant prays for judgment against the Plaintiff as follows:

1. That Plaintiff takes nothing by reason of its Complaint of file herein.
2. For the award of reasonable fees and costs of suit incurred herein.
3. For such other and further relief as to the Court may deem just and proper in the premises.

DATED THIS 20th. day of October, 2010

Representative of Bramble Homes, Inc. & Bramble Development Group, Inc., as President

Larry L. Sayers

Larry L. Sayers
PO Box 80327
Las Vegas, Nevada 89180
(702) 242-8608

AFFIRMATION
Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding Initial Appearance Fee Disclosure file in District Court Case No. CV2734

__X__ does not contain the social security number of any person.

-OR-

_____ Contains the social security number of a person as required by:

A. A specific state or federal law, to wit: ________________

B. For the administration of a public program or for an application for a federal or state grant.

DATED this ___20th___ day of October, 2010

LARRY L. SAYERS
PO Box 80327
Las Vegas, Nevada 89180
(702) 242-8608

LARRY L. SAYERS
PO Box 80327
Las Vegas, Nevada 89180
(702) 242-8608

FILED

NOV 1 10 25 AM '10

CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| National Roofing Industry Pension Plan; National Roofers and Employers Union Health & Welfare Fund,<br><br>Plaintiff,<br>vs.<br><br>Bramble Development Group, Inc., a Nevada Corporation; Bramble Homes, Inc., a Nevada Corporation; and DOES I – XX, inclusive, and Roe Entities I – XX, inclusive<br><br>Defendants | CASE NO. A-10-626216-C<br>DEPT. NO. II<br><br>**INITIAL APPEARANCE FEE DISCLOSURE NRS CHAPTER 19** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| | |
|---|---|
| Bramble Development Group, Inc. | ~~$104.00~~ 223.00 |
| (1) Additional Defendant | $ 30.00 |
| TOTAL REMITTED | ~~$134.00~~ 253.00 |

Dated this 20th. day of October, 2010

Representative of Bramble Development Group, Inc. & Bramble Homes, Inc., as President

Larry L. Sayers

LARRY L. SAYERS
PO Box 80327
Las Vegas, Nevada 89180
(702) 242-8608

# Exhibit 3

# Exhibit 3



Barney C. Ales, Esq.
Nevada Bar No. 0127
Douglas L. Monson, Esq.
Nevada Bar No. 7829
GOOLD PATTERSON ALES & DAY
4496 South Pecos Road
Las Vegas, NV 89121
Ph: (702) 436-2600
Fax: (702) 436-2650
dmonson@gooldpatterson.com
*Attorneys for Defendants R/S Development, LLC and Developers Surety and Indemnity Co.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

NATIONAL ROOFING INDUSTRY PENSION PLAN; NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,

Plaintiffs,

vs.

ACROPOLIS INVESTMENTS, LTD.; AMSTAR HOMES INC.; ASTORIA HOMES, LLC; BEAZER HOMES HOLDING CORP.; BRAMBLE HOMES INC.; BRAMBLE DEVELOPMENT GROUP, INC.; CELEBRATE HOMES, INC.; CENTEX CORPORATION d/b/a CENTEX HOMES, (a/k/a CENTEX HOMES d/b/a REAL HOMES; MARQUIS RESORT HOMES, CENTEX HOMES, DESTINATION PROPERITES); DEL WEBB COMMUNITIES, INC.; DISTINCTIVE HOMES OF NEVADA, INC.; VEGAS CONSTRUCTION COMPANY, INC.; HADFIELD DEVELOPMENT, INC.; HELLER DEVELOPMENT COMPANY; KB HOME NEVADA, INC.; LBM DEVELOPMENT CO., INC.; LONDON CONSTRUCTION, LLC; PIER CONSTRUCTION & DEVELOPMENT, LLC; LONGFORD PROPERTIES, INC.; LONGFORD CONSTRUCTION, LLC; McCORMICK LUXURY HOMES OF NEVADA, INC.; MERITAGE HOMES OF NEVADA, INC.; PACIFIC COAST DEVELOPMENT; PAGEANTRY HOMES OF NEVADA, INC.; PARDEE HOMES OF NEVADA; PINNACLE HOMES, INC.; PULTE HOME CORPORATION; PNII, INC. d/b/a PULTE HOMES OF NEVADA;

CASE NO.: A-10-626216-C

DEPT. NO.: II

**DEFENDANTS' R/S/ DEVELOPMENT, LLC AND DEVELOPERS SURETY AND INDEMNITY CO.'S ANSWER TO COMPLAINT**

GOOLD PATTERSON
ALES & DAY
4496 SOUTH PECOS ROAD LAS VEGAS, NEVADA 89121
(702) 436-2600 FAX: (702) 436-2650

PURMAR, INC.; R/S DEVELOPMENT, LLC; REVOLUTION DEVELOPMENT, LLC d/b/a REVOLUTION CONSTRUCTION; RICHMOND AMERICAN HOMES OF NEVADA, INC; ROMA BUILDERS, LLC, RYLAND HOMES NEVADA, LLC.; STORYBOOK CONSTRACTING, LLC; STW, INC.; TOLL BROS., INC.; TOLL NORTH LV, LLC; TOLL SOUTH LV, LLC; TOLL HENDERSON; LLOC; TOLL NV HOLDINGS, LLC; TRIDENT HOMES, LLC; PAN PACIFIC CONSTRUCTION COMPANY d/b/a TRIDENT HOMES; PACIFIC SOUTHWEST HOLDING CO. d/b/a PACIFIC SOUTHWEST DEVELOPMENT; WARMINGTON HOMES-NEVADA; WARMINGTON RESIDENTIAL NEVADA, INC.; TIMBERLAND DEVELOPMENT, LLC d/b/a WINDSOR CONSTRUCTION; ACCREDITED SURETY AND CASUALTY COMPANY; AMERICAN CONTRACTORS INDEMNITY COMPANY; AMERICAN HOME ASSURANCE; BOND SAFEGUARD INSURANCE COMPANY; CAPITAL INDEMNITY CORPORATION; CONTRACTORS BONDING & INSURANCE COMPANY; DEVELOPERS SURETY AND INDEMNITY CO.; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; HARTFORD FIRE INSURANCE COMPANY; INSURANCE COMPANY OF THE WEST; LEXON INSURANCE COMPANY; LINCOLN GENERAL INS. CO.; OLD REPUBLIC INSURANCE COMPANY; PLATTE RIVER INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF NORTH AMERICA; SURETEC INSURANCE COMPANY; TRAVELERS CASUALTY & SURETY CO. OF AMERICA; WESTERN INSURANCE COMPANY; WESTERN SURETY COMPANY; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,

Defendants.

**DEFENDANTS' R/S/ DEVELOPMENT, LLC AND DEVELOPERS SURETY AND INDEMNITY CO.'S ANSWER TO COMPLAINT**

Defendants, R/S Development, LLC and Developers Surety and Indemnity Co., by and through their attorneys, Goold Patterson Ales & Day, respond to Plaintiffs' Complaint, as follows:

1. These answering Defendants deny each and every allegation contained in the Complaint on file herein that is hereinafter not expressly admitted or otherwise pled to.

GOOLD PATTERSON ALES & DAY
4496 SOUTH PECOS ROAD LAS VEGAS, NEVADA 89121
(702) 436-2600 FAX: (702) 436-2650

GOOLD PATTERSON
ALES & DAY
4496 SOUTH PECOS ROAD LAS VEGAS, NEVADA 89121
(702) 436-2600 FAX: (702) 436-2650

2. In answering paragraphs 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, and 20 of the Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraphs of the Complaint; and therefore, on that basis, deny each and every allegation set forth therein.

3. In answering paragraph 4 of the Complaint, these answering Defendants admit that Defendant R/S Development, LLC was conducting business in Nevada, who entered into agreements with Willis Roof under which Willis Roof employees performed roofing labor. As to the remaining allegations in said paragraph, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraphs of the Complaint; and therefore, on that basis, deny each and every allegation set forth therein.

4. In answering paragraph 5 of the Complaint, these answering Defendants admit that Defendant Developers Surety and Indemnity Co. is a bonding company authorized to do business in Nevada and issued certain surety bonds to Defendant R/S Development, LLC. As to the remaining allegations in said paragraph, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraphs of the Complaint; and therefore, on that basis, deny each and every allegation set forth therein.

5. In answering paragraphs 13,15, 16, 17, 18, 21, 22, and 23 of the Complaint, these answering Defendants deny each and every allegation set forth therein.

6. In answering paragraphs 14 and 19 of the Complaint, these answering Defendants repeat and reallege their answers to each and every allegation set forth in this Answer and incorporates the same by this reference as though set forth herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint on file herein fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Each and every one of Plaintiffs' alleged rights, claims and obligations which they seek to enforce against these answering Defendants are, by Plaintiffs' conduct, agreement or otherwise are barred, by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Each and all of Plaintiffs' alleged rights, claims and obligations as set forth in their Complaint on file herein has, or have, by conduct, agreement or otherwise been waived.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to exercise ordinary care, caution or prudence to prevent the loss complained of in their Complaint on file herein and that failure directly and proximately contributed to, and was caused by, the negligence, misconduct or fault of Plaintiffs themselves.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained any injuries, economic or otherwise, said injuries were caused by their own failure to mitigate their damages, if any, and/or take corrective action. Accordingly, any and all recovery is barred or should be limited to the extent or degree of Plaintiffs' failure to mitigate their damages, if any, under the doctrine of avoidable consequences.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred by the doctrine of unclean hands and their failure to do equity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to satisfy conditions precedent to brining any action against these answering Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs ratified, approved or acquiesced in the actions of these answering Defendants.

**NINTH AFFIRMATIVE DEFENSE**

The damages allegedly suffered by Plaintiffs, if any, were caused in whole or in part by the acts and/or omissions of Plaintiffs, which negligence or fault exceeds the fault, if any, of these answering Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs have suffered no damage and therefore are not entitled to any relief from these answering Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

All or part of Plaintiffs' Complaint is barred by the applicable statute of limitations and/or the doctrine of laches.

GOOLD PATTERSON
ALES & DAY
4496 SOUTH PECOS ROAD LAS VEGAS, NEVADA 89121
(702) 436-2600 FAX: (702) 436-2650

GOOLD PATTERSON
ALES & DAY
4496 SOUTH PECOS ROAD LAS VEGAS, NEVADA 89121
(702) 436-2600 FAX: (702) 436-2650

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by Plaintiffs' ratification and confirmation of the alleged actions purportedly committed by these answering Defendants, as well as third parties over whom these answering Defendants had no control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs assumed the risk of the injuries complained of in their Complaint and as such, they are not entitled to any relief from these answering Defendants.

**Reservation of Rights**

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged because insufficient facts are not yet available to allege them after reasonable inquiry upon the filing of this Answer. These answering Defendants reserve their rights to assert additional affirmative defenses, if warranted, as additional facts become known during the course of discovery.

WHEREFORE, Defendants, R/S Development, LLC and Developers Surety and Indemnity Co., request judgment in their favor and against Plaintiffs, as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That these answering Defendants be awarded their attorney's fees and costs of suit; and

3. For such other and further relief as the Court deems just and proper.

DATED this ___ day of November, 2010.

GOOLD PATTERSON ALES & DAY

By: ______________________________
Barney C. Ales, Esq.
Nevada Bar No. 0127
Douglas L. Monson, Esq.
Nevada Bar No. 7829
4496 South Pecos Road
*Attorneys for Defendants R/S Development, LLC and Developers Surety and Indemnity Co.*

**CERTIFICATE OF MAILING**

I hereby certify that I am an employee of GOOLD PATTERSON ALES & DAY and on the 15th day of November, 2010, I deposited the foregoing DEFENDANTS' R/S/ DEVELOPMENT, LLC AND DEVELOPERS SURETY AND INDEMNITY CO.'S ANSWER TO COMPLAINT by placing a true and correct copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Daryl E. Martin, Esq.
CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiffs*

An Employee of GOOLD PATTERSON ALES & DAY

GOOLD PATTERSON ALES & DAY
4496 SOUTH PECOS ROAD LAS VEGAS, NEVADA 89121
(702) 436-2600 FAX: (702) 436-2650

# Exhibit 4

Exhibit 4

**DECLARATION OF LARRY B. MARGOLIAN**

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

Larry B. Margolian, under penalty of perjury under the laws of the State of Nevada and the United States of America, declares as follows:

1. I have personal knowledge of the facts stated herein, which I know to be true and correct, except for any statements made on information and belief, which statements I believe to be true. I am competent to testify to the same and would so testify if called upon as a witness.

2. I am listed with the Nevada Secretary of State as the Treasurer and Secretary of Purmar, Inc., a Nevada corporation, and I am contact person and decision maker for the corporation.

3. I am listed with the Nevada Secretary of State as the Treasurer and Secretary of LBM Development Co., Inc., a Nevada corporation, and I am the sole contact person and decision maker for the corporation.

4. On October 5, 2010, a copy of a Summons and Complaint in Case No. A-10-626216-C ("Case") were left at my home address, 2800 Albrook Circle, Las Vegas, NV 89117, with my wife.

5. The Summons and Complaint name Purmar, Inc. and LBM Development Co., Inc. as Defendants in the Case.

6. I was not contacted by any party to the Case requesting my consent to removal of the Case to Federal Court.

7. Speaking on behalf of Purmar, Inc. and LBM Development Co., Inc., I have not consented to and do not consent to removal of the Case to Federal Court.

Further your declarant sayeth naught.

DATED this 28 day of October, 2010.

Larry B. Margolian

# Exhibit 5

Exhibit 5

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

# DECLARATION OF DARYL MARTIN

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

Daryl Martin, under penalty of perjury under the laws of the State of Nevada and the United States of America, declares as follows:

1. I am an attorney licensed to practice in Nevada, and I am one of the attorneys assigned by Christensen James & Martin to handle the litigation known as Case No. 10-cv-00188-JCM-LRL, *National Roofing Industry Pension Plan et al. vs. Acropolis Investments, Ltd., et al.*

2. I make this Declaration in support of the foregoing *Motion to Remand* ("Motion").

3. I am personally familiar with all factual statements contained in this Declaration, which I know to be true and correct, except for any statements made on information and belief, which statements I believe to be true.

4. The Exhibits submitted with the Motion are true and correct copies of the documents they are purported to be.

5. Wesley J. Smith and I are the attorneys who have primarily dealt with the issues raised by the Appearing Defendants' Notice of Removal. We have spent the time listed below performing the functions specified and we have billed or will bill our clients the sums stated for work made necessary by the Notice of Removal:

**WJS Time Re Notice of Removal**

10/26 Review Notice of Removal; Research Preemption ........ 0.4

10/27 Conference with KBC (Atty.) & DEM (Atty.) re removal; Draft Declaration of L. Margolian re service, notice and non-consent to removal ........ 1.1

10/28 Research issues re removal, including grounds, timing and consent; Research federal preemption re ERISA and LMRA; Conference with DEM (Atty.); review affidavits of service ....2.4

11/1 Research removal and remand procedural requirements; review list of defendants joining removal, note to file; update litigation tracking sheet ....0.9

11/4 Review Notice of Removal and make notes; Review draft of Motion for Remand; Conference with DEM (Atty.) ....1.2

11/5 Prepare and Update new version of litigation tracking sheets re removal; Conference with DEM re status of general contractor claims and effect of removal on resolution and dismissal of claims; Review and revise Motion to Remand ....3.7

11/15 Review Notice of Removal; Conference with DEM (Atty.)....0.3

11/16 Review just-filed answer in state court from R/S Development and Conference with DEM (Atty.) re effect on Removal/Remand....0.2

11/19 Review and Revise Motion to Remand, research and citation check, technical editing ..1.9

11/22 Prepare statement of attorneys' fees for Motion to Remand ....4

WJS Time....12.1 hours

**DEM Time Re Notice of Removal**

10/26 Email from Ct.; Review Notice of Removal; Research....2.1

10/27 Emails and Min. Orders from Ct.; Receive Notice of Appearance and Joinder to Notice of Removal; Calendar due dates; Email to R. Bohrer (Atty.) re Removal of case to Fed. Ct.; Research....1.9

10/28 Research; Conf. with L. Margolian; Prepare and revise Margolian Declaration; Preparation of Motion to Remand; Emails from and to Clients re Removal; Emails from Ct.; Receive and review Joinders to Notice of Removal ....3.2

11/2 Emails from and to WJS (Atty.); Multiple conferences with WJS; Review file; Conference with KBC (Atty.); Research; Preparation of Motion to Remand....2.6

11/3 Research; Prep. of Motion to Remand....2.3

11/4 Review file; Research ....1.7

11/5 Multiple conferences with WJS (Atty.) and KBC (Atty.); Expand and revise Motion to Remand....0.9

11/8 Review file; identify documents and exhibits for Motion to Remand; Emails to Client; Telephone call from D. Tuttle (Atty.)....0.9

11/15 Email from Ct; Receive and review Statement Concerning Removal; Multiple conferences with and email to WJS (Atty.); Revision of Motion Remand; Research......2.9

11/16 Research; Conference with WJS (Atty.); Revision of Motion to Remand; Update Service/Appearance/Joinder tracking spreadsheet..........2.6

11/17 Email from Ct; Receive and review Hadfield Joinder to Notice of Removal ..........0.2

11/22 Research; Conference with WJS (Atty.); Preparation of State of Attorneys' fees and Declaration in Support of Motion to Remand; Revise Motion to Remand ..........2.1

DEM Time ..........23.4 hours

Total Time..........35.5 hours

Billing Rate ..........$165.00

Total billed ..........$5,857.50

6. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 22nd day of November, 2010

Daryl E. Martin