UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D. JAMES HADEL, *et al.*, | Case No.: 2:06-cv-01032-RLH-RJJ |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion to Consolidate–#266) |
| WILLIS ROOF CONSULTING, INC., *et al.*, | |
| Defendants. | |

Before the Court is Defendants' **Motion to Consolidate** (#266), filed November 29, 2010. The Court has also considered Plaintiffs' Opposition (#274), filed January 17, 2011. Defendants did not reply.

## BACKGROUND

This dispute arises out of Plaintiffs' allegations that Defendant Willis Roof Consulting, and their owners, breached a collective-bargaining agreement by failing to pay the contributions required under that agreement. Plaintiffs filed suit in 2006 asserting violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and NRS § 608.150. In September 2010, Plaintiffs filed another suit (the "Second Lawsuit") against several contractors and their bonding companies in the Eighth Judicial District Court of the State of

Nevada, asserting claims under NRS §§ 608.150 and 624.273.  The Second Lawsuit was then removed to this Court and assigned to District Court Judge James C. Mahan.  *National Roofing Industry Pension Plan, et al. v. Acropolis Investments, LTD, et al.*, 2:10-cv-01882-JCM-LRL.  Defendants filed this motion seeking to consolidate this case with the Second Lawsuit.  For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

**I.     Legal Standard**

Rule 42(a) of the Federal Rules of Civil Procedure governs motions to consolidate.  It provides:

> If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions, consolidate the actions, or issue any other order to avoid unnecessary cost or delay.

When deciding whether to consolidate cases, the threshold question for the court to answer is whether the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  If the court determines that common questions are present it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result.  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  Finally, whether actions should be consolidated under Rule 42(a) is a matter committed to the trial court's discretion.  *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

**II.    Analysis**

Although these two cases originate from essentially the same set of facts, in the Court's view both the parties and claims are not sufficiently similar to merit consolidation.  Furthermore, these cases are at completely different stages of pretrial litigation.  This case was commenced almost five years ago and the Second Lawsuit was filed at the end of last year.  Consolidation would therefore only cause further delay and waste judicial resources.  Finally,

AO 72
(Rev. 8/82)

1  because Willis Roof has filed for bankruptcy, this case is currently subject to an automatic stay.
2  Thus, Plaintiffs should be allowed to pursue their claims in the Second Lawsuit independent of the
3  bankruptcy issues raised in this case.  Therefore, the Court denies the motion.

4  **CONCLUSION**

5  Accordingly, and for good cause appearing,

6  IT IS HEREBY ORDERED that Defendants' Motion to Consolidate (#266) is
7  DENIED.

8  Dated: February 7, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**