UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ACROPOLIS INVESTMENTS, LTD., et al.,<br><br>        Defendants. | 2:10-CV-1882 JCM (LRL) |

**ORDER**

Presently before the court is plaintiffs National Roofers & Employers Union Health & Welfare Fund's and National Roofing Industry Pension Plan's motion to remand to state court. (Doc. #23). The defendants responded (doc. #52), and the plaintiffs have replied (doc. #62).

Defendants wishing to remove any civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. 28 U.S.C. § 1446(a). The notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). If the initial pleading is not removable, the defendant must file a notice of removal within thirty days of receiving the first paper making the case removable. *Id.*

The removal notice must also comply with the judge-made "rule of unanimity," which requires that all defendants join in the notice of removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc. et al.*,

**James C. Mahan**
**U.S. District Judge**

1  167 F.3d 1261, 1266 (9th Cir. 1999) (overruled on other grounds). "Where fewer than all the
2  defendants have joined in a removal action, the removing party has the burden under section 1446(a)
3  to explain affirmatively the absence of any co-defendants in the notice for removal." *Id.* Any
4  deficiencies should be cured within the thirty-day, statutory period, or the court will find removal
5  improper. *Id.*

6  However, the Ninth Circuit recognizes exceptions to the rule of unanimity in certain
7  situations. First, the rule does not apply if the non-joining defendant was not properly served before
8  filing of the notice of removal. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.
9  1984) (superseded by statute on other grounds). Second, nominal defendants need not consent to the
10 removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986). Third, when an
11 independent claim removable under 28 U.S.C. § 1441(c) is joined with non-removable claims, only
12 defendants to the independent claim need to join in the notice of removal. *Toshavik v. Alaska*
13 *Airlines, Inc.*, 1999 Wl 33456492, *1 (D. Alaska 1999) (citing 14C FED. PRAC. & PROC. JURIS. §
14 3731 (4th ed.)). Finally, fraudulently joined parties are unnecessary for effective removal. *United*
15 *Computer Sys., Inc. v. AT&T Corp..*, 298 F.3d 756, 762 (9th Cir. 2002).

16 In the instant case, the removing-defendants did not satisfy the rule of unanimity in the
17 dispute notice, nor did they cure that defect within the statutory period. However, the removing-
18 defendants allege that the non-joining defendants were not required to consent to removal because
19 they were either (1) dismissed from the action or have settled their claims with the plaintiff, (2)
20 dissolved more than two years before being served, (3) are "defunct business elements who have
21 neither appeared nor have any identifiable human element" (doc. #52, p. 4), or (4) have not been
22 served.

23 The court finds that although some of the defendants need not have joined in the notice of
24 removal, the notice of removal was nonetheless procedurally deficient for failure to comply with the
25 rule of unanimity, and the case shall be remanded. Specifically, although some defendants joined in

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  removal after the original filing, many joined outside of the thirty-day statutory period.[1] Others,
2  which the removing-defendants claim have "expressly joined" in removal, have failed to file notice
3  with the court, and, lack of written notice aside, it remains unclear whether such consent was timely.[2]
4  Finally, many defendants were dismissed after the end of the thirty-day statutory period for curing
5  the notice of removal and were therefore not nominal parties during the thirty-day period.[3] *See Salen*
6  *Trust Co. v. Mfrs Finance Co.*, 264 U.S. 182, 189–90 (1924) (holding that the right of removal
7  depends on the case at the time the petition is filed). Thus, the notice for removal was procedurally
8  deficient.

9  Hoping to circumvent these procedural defects, the removing-defendants rely on *Parrino v.*
10  *FHP*, for the proposition that "a procedural defect existing at the time of removal but cured prior to
11  entry of judgment does not warrant reversal and remand of the matter to state court." 146 F.3d 699,
12  703 (9th Cir. 1998) (superseded by statute on other grounds) (citing *Caterpillar, Inc. v. Lewis*, 519
13  U.S. 61 (1996)). However, citation to this precedent is misplaced. The *Parrino* court expressly noted
14  that it did not "authorize district courts to ignore the procedural requirements for removal. . . ." *Id.*
15  at n. 1. To the contrary, "the procedural requirements for removal remain enforceable by the federal
16  trial court judges to whom those requirements are directed. . . ." *Id.* Only the courts of appeals,
17  relying on the public policy concern of judicial economy, may treat as cured a procedural defect in

---

[1] The notice of removal was filed on October 26, 2010. The following defendants failed to file notice of joinder within the ensuing thirty-day, statutory period: Bramble Homes, Inc. and Bramble Development Group, Inc. (doc. #44); Developers Surety and Indemnity Company (doc. #41); and Platte River Insurance Company (doc. #38).

[2] Removing-defendants claim that the following have "expressly joined" in the removal: Longford Properties, Inc.; Longford Construction, LLC; Revolution Development, LLC; American Contractors Indemnity Company; and Old Republic Insurance Company.

[3] The following defendants were dismissed or settled their cases after the thirty-day window had already lapsed: Hadfield Development, Inc.; Pier Construction & Development, LLC; Pardee Homes of Nevada; Purmar, Inc.; Ryland Homes Nevada, LLC; Trident Homes, LLC; Pan Pacific Construction Company; Timberland Development, LLC; Accredited Surety and Casualty Company; Capital Indemnity Corporation; Contractors Bonding & Insurance Company; Fidelity and Deposit Company of Maryland; and Surtec Insurance Company.

**James C. Mahan**
**U.S. District Judge**

the removal process cured before entry of judgment." *Id.* There is no justification for the defects in the notice of removal in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand to state court (doc. #23) is GRANTED. The case is hereby remanded to the state court.

DATED March 4, 2011.

　　　　　　　　　　　　　　　　／s／ James C. Mahan
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -